UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FRANK TAYLOR, ET AL | CIVIL ACTION NO. 09-cv-1879 |
| VERSUS | JUDGE HICKS |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Frank and Donna Taylor filed suit in state court against State Farm Fire & Casualty Co. for losses and penalties allegedly due in connection with their claim for a fire loss at their residence. State Farm removed the case based on an assertion of diversity jurisdiction.

State Farm alleges in its Notice of Removal that the Taylors are "residents" of Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002). However, the Taylors alleged in their state court petition that they are "residents and domiciliaries" of Louisiana, so the record is adequate in this respect. The notice also includes a letter from the Taylors' counsel stating that the amount at issue exceeds $75,000. No amendment is necessary to address those points.

State Farm alleges that it is "a foreign insurance company, with its headquarters in the State of Illinois." State Farm must file an Amended Notice of Removal to clarify its citizenship. First, it should state with certainty whether it is a corporation or other form of

legal entity or association. The assertion that it is a "company" is not sufficiently precise to allow the court to determine which rules govern the determination of its citizenship.

Assuming State Farm is a corporation, it must allege its citizenship in accordance with the applicable rules. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

State Farm's reference to having its "headquarters" in Illinois may have been an attempt to assert its principal place of business, but such allegations should be made with more precision. It is possible for a corporation to have its business headquarters in one state yet have its principal place of business, as determined under jurisprudential standards, in another state. See Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004).

If State Farm is not a corporation, it must allege its citizenship in accordance with the rules applicable to its legal nature. See, e.g., Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) (setting forth rules applicable to LLC's and other unincorporated associations).

State Farm will be permitted until **January 8, 2010** to file an **Amended Notice of Removal** to clarify its citizenship. The court will review the document and, if it determines that State Farm has met its burden to establish removal jurisdiction, will set a scheduling conference in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE